# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CASEY HOOD, ET AL.                                               CIVIL ACTION

VERSUS

WATER TREATMENT & CONTROLS                          16-235-SDD-RLB
COMPANY

## *CONSOLIDATED WITH*

GLEASON, ET AL.

VERSUS

WATER TREATMENT & CONTROLS                          16-256-SDD-RLB
COMPANY

SMITH, ET AL.

VERSUS

WATER TREATMENT & CONTROLS                          16-255-SDD-RLB
COMPANY

LIGHTFOOT

VERSUS

WATER TREATMENT & CONTROLS                          16-807-SDD-RLB

## RULING

This matter is before the Court on the *Motion to Dismiss for Failure to State a Claim*[1] filed by Defendant, The City of Donaldsonville ("Donaldsonville").  Plaintiffs, Casey

---

[1] Rec. Doc. 53.
37111

Hood, *et al.* ("Plaintiffs"), filed an *Opposition*[2] to this motion.  For the following reasons, the motion will be granted.

## I.      FACTUAL BACKGROUND[3]

Plaintiffs claim that, on or about March 22, 2016, they were harmed by elevated levels of chlorine dioxide in the water system.  Plaintiffs' injuries and symptoms include "but [are] not limited to throat irritation, sinus irritation, dry skin and mouth, and fear and fright."[4]  Plaintiffs seek compensatory damages for themselves and "those persons in or near the community of Donaldsonville, Louisiana who sustained compensable damages from the fault of defendants…" and for "fear, anguish, discomfort and inconvenience, as well as pain and suffering, emotional distress, psychiatric and psychological damage, evacuation, shelter in place, and property damage."[5]

Relating to Donaldsonville, Plaintiffs claim that Donaldsonville "knew or should have known that its equipment in question was defective and faulty and in violation of Louisiana Department of Health and Hospitals standards."[6]  Plaintiffs also argue that Water Treatment & Controls Company ("Water Treatment") "had control and garde of the testing procedures, testing equipment and technology used to perform testing of the water system."[7]

This matter was originally filed in the Twenty-Third District Court for the State of Louisiana, Parish of Ascension on March 23, 2016 and was removed to this Court on

---

[2] Rec. Doc. 64.
[3] The Court draws the factual background from the following documents: Rec. Doc. 53-1, Rec. Doc. 53-2, Rec. Doc. 65, and Rec. Doc. 78.
[4] Rec. Doc. 53-1.
[5] *Id.*
[6] *Id.* (internal citations omitted).
[7] *Id.* (internal citations omitted).
37111

April 28, 2016.[8]  Donaldsonville now seeks to dismiss Plaintiffs' *Complaint* pursuant to Rule 12(b)(6).

## II.    LAW AND ANALYSIS

### A.  Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[9]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[11]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the

---

[8] This case was removed pursuant to diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441.
[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[10] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
37111

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[15]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[16]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[17]

### B.  Duty-Risk Analysis

As this case presents a Louisiana negligence claim, the Court relies on Louisiana jurisprudence to analyze the claim presented.[18]  In a Louisiana negligence case, courts use the Duty-Risk analysis.[19]  Under the Duty-Risk analysis, a "Plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached."[20]  A plaintiff must prove each of the above enumerated elements under Duty-Risk to successfully plead a negligence claim.[21]  As the Fifth Circuit stated in *Schamburg v. State Farm Mutual Auto Insurance Co.*: "Whether a duty is owed is a question of law.  As part of the duty-

---

[14] *Twombly*, 550 U.S. at 570.
[15] *Iqbal*, 556 U.S. at 678.
[16] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[17] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[18] *See Shakeri v. ADT Sec. Services, Inc.*, 816 F.3d 283, 290-91 (5th Cir. 2016); "In resolving issues of state law we are bound to apply the law as interpreted by the state's highest court…but if no final disposition is directly on point, we must take an *Erie*-guess, predicting how that court would rule."(internal citations omitted).
[19] *Schamburg v. State Farm Mutual Auto Insurance* Co., 521 Fed. Appx. 434, 440 (5th Cir. 2011).
[20] *Daye v. General Motors Corp.*, 97-1653 (La. 9/9/98); 720 So.2d 654, 659.
[21] *Id.*
37111

risk analysis, the plaintiff must show that the risk of harm was within the scope of the protection afforded by the duty breached."[22]

Plaintiffs failed to allege a duty owed by Donaldsonville relating to the alleged negligent conduct.   Plaintiffs' only mention of any legal duty owed is the conclusory statement that Donaldsonville's alleged actions "were in contravention of the laws of the State of Louisiana and the ordinances of the Parish of Ascension, which are pleaded herein as if copied in extenso."[23]   Plaintiffs' boiler plate pleading fails to specify a duty owed by Donaldsonville under Louisiana statutory or jurisprudential law.[24]   Plaintiffs' failure to allege any specific duty owed, other than the conclusory allegation that Donaldsonville's alleged actions violated the entire body of Louisiana State and Ascension Parish law, is the exact type of "conclusory" pleading that the United States Supreme Court specifically held could not survive a 12(b)(6) motion to dismiss.[25]

Accordingly, Donaldsonville's *Motion to Dismiss*[26] is GRANTED.[27]

---

[22] 521 Fed. Appx. 434, 440 (5th Cir. 2011).
[23] Rec. Doc. 1-2.
[24] *Id.*
[25] *Twobly*, 550 U.S. 555.
[26] Rec. Doc. 53-1.
[27] The Court need not engage in a review of the other elements under Louisiana Duty-Risk as all elements must be met to sustain a viable negligence claim under Louisiana law. Plaintiffs have failed to state a duty owed by Donaldsonville – a required element under Duty-Risk.  *See supra* note 17.
37111

III.     **CONCLUSION**

For the reasons set forth above, Donaldsonville's *Rule 12(b)(6) Motion to Dismiss*[28] is GRANTED.

Therefore, Donaldsonville is DISMISSED WITHOUT PREJUDICE from this action.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 23, 2017.

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[28] Rec. Doc. 53.
37111